# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | |
|---|---|
| FLEET CONNECT SOLUTIONS LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>PORTABLE MULTIMEDIA LTD. T/A NEXTBASE,<br><br>        Defendant. | Civil Action No. 7:25-cv-00408<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Fleet Connect Solutions LLC ("Fleet Connect" or "Plaintiff") files this complaint against Portable Multimedia Ltd. T/A Nextbase ("Nextbase" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Asserted Patents") duly issued by the Unted States Patent and Trademark Office (the "USPTO"):

| | Patent Number | Title | Available At |
|---|---|---|---|
| 1 | 7,123,926 | System and Method for Providing Information to Users Based on the User's Location | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7123926 |
| 2 | 7,206,837 | Intelligent Trip Status Notification | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7206837 |
| 3 | 7,747,291 | Wireless Communication Method | https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7747291 |

2. Plaintiff seeks monetary damages.

## PARTIES

3. Plaintiff is a limited liability company formed under the laws of Texas with its

registered office address located in Austin, Texas.

4. Based on public information and belief, Defendant Portable Multimedia Ltd. t/a Nextbase is a corporation duly organized under the laws of the United Kingdom and is registered in England and Wales.

5. Based upon public information and belief, Defendant's company number is 04038169.

6. Based upon public information and belief, Defendant has a VAT number GB 742504649.

7. Based upon public information and belief, Defendant has a registered office located at Floor 6, 230 Blackfriars Road, London, SE1 8NW, United Kingdom.

8. Upon information and belief, Defendant trades under the names "Nextbase" and "Portable Multimedia."

9. Based on public information and belief, Defendant engages in making, using, selling, offering for sale, importing, or otherwise providing, directly or indirectly, in the United States and in this State and District, products and services with features and functionalities that infringe the Asserted Patents.

## JURISDICTION AND VENUE

10. Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-9 above as though fully set forth in their entirety.

11. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

12. Venue is proper against Defendant in this District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident of the United States, and thus may be

sued in any judicial district, including this one, pursuant to 28 U.S.C. § 1391(c)(3). *See In re: HTC Corporation*, 889 F.3d 1349, 1357 (Fed. Cir. 2018) ("The Court's recent decision in *TC Heartland* does not alter" the alien-venue rule).

13. Defendant offers products and services, including through the manufacture, sale, importation, use, and/or testing of Accused Products described *infra*, and conducts business in this District.

14. Defendant is subject to this Court's specific and general personal jurisdiction under due process due at least to Defendant's substantial business in this judicial district, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly transacting, doing, and/or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

15. Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District directly, through intermediaries, by contributing to and through inducement of third parties, and offers its products or services, including those accused of infringement here, to customers and potential customers located in this state, including in this District.

16. Defendant commits acts of infringement from this District, including, but not limited to, importing, selling, offering for sale, importing, using, installing, and/or testing of the Accused Products described *infra*, and inducement of third parties to use the Accused Products in an infringing manner.

## THE ASSERTED PATENTS AND ACCUSED PRODUCTS

17. Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-16 above as though fully set forth in their entirety.

18. Defendant owns, operates, advertises, and/or controls the website https://nextbase.com/ through which it advertises, sells, offers to sell, provides and/or educates customers about its products and services. *See Fleet Connect Solutions LLC v. Alan Ritchey Inc., et al.*, 2:24-cv-00879-JRG-RSP, Dkt. No. 45, ¶ 17 (E.D. Tex. Apr. 8, 2025) (Nextbase admitting that it "owns the url nextbase.com.").[1]

19. Defendant makes, uses, causes to be used, sells, offers for sale, imports, provides, supplies, and/or distributes one or more Nextbase fleet management platform and tracking solutions, including, but not limited to:

- Nextbase Dashcams, including, but not limited to, the 622GW, 322GW, 522GW, and 422GW;

- the MyNextbase Connect app;

- the Nextbase Emergency SOS system;

- the Nextbase Voice Control; and

- All other substantially similar products and services of the foregoing offered in the past or the future, and all the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, and functionality associated with those products and solutions (collectively, the "Accused Products").

20. Defendant, using the Accused Products, performs wireless communications and methods associated with performing and/or implementing wireless communications including, but

---

[1] This case was previously consolidated into *Fleet Connect Solutions LLC v. Alan Ritchey, et al.*, 2:24-cv-00879-JRG-RSP (E.D. Tex.); the Court deconsolidated this case on April 30, 2025. *See id.*

not limited to, wireless communications and methods pursuant to various protocols and implementations, including, but not limited to, Bluetooth, IEEE 802.11, and LTE protocols and various subsections thereof, including, but not limited to, 802.11b and 802.11n.

21.     The wireless communications performed and/or implemented by the Defendant using, *e.g.*, the Accused Products, among other things, generates and transmits packets for wireless communications and communicate data *via* a plurality of wireless transceivers using a plurality of wireless protocols, and encode data pursuant to one or more of those wireless protocols.

22.     For these reasons and the additional reasons detailed below, the Accused Products practice at least one claim of each of the Asserted Patents.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,123,926

23.     Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-22 above as though fully set forth in their entirety.

24.     For purposes of this Count I, the Accused Products include, but are not limited to, Nextbase Dashcams, including, but not limited to, the 622GW, 322GW, 522GW, and 422GW; the MyNextbase Connect app; the Nextbase Emergency SOS system; and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, functionality, and applications (collectively, the "Accused Products").

25.     The USPTO duly issued U.S. Patent No. 7,123,926 (the "'926 patent") on October 17, 2006 after full and fair examination of Application No. 10/705,674 which was filed on November 10, 2003.  *See* '926 patent at 1.  A Certificate of Correction was issued on August 27, 2013.  *See id.* at 19.

26.     Fleet Connect owns all substantial rights, interest, and title in and to, the '926 patent

including the sole and exclusive right to prosecute this action and enforce said patent against infringers and to collect damages for all relevant times.

27. Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '926 patent.

28. The written description of the '926 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

29. The claims of the '926 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of mobile communications system control and warning systems.

30. Upon information and belief, Defendant has directly infringed one or more claims of the '926 patent by providing, supplying, using, causing to be used, distributing, importing, selling, offering for sale, and/or internal and external testing of the Accused Products.

31. Upon information and belief, Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '926 patent, as detailed in **Exhibit A** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,123,926).

32. For example, as detailed in Exhibit A, Defendant, using the Accused Products, performs a method for alerting a remote user to an emergency situation *via* a mobile unit installed in a vehicle, comprising: determining a geographic location of the mobile unit; determining an

identity of the vehicle based on a unique identification stored in the mobile unit; determining a priority level associated with the emergency situation; assembling a header of a communication, the header including the geographic location of the mobile unit, the identity of the vehicle and the priority level, the header capable of being processed upon receipt by a second mobile unit to alert the remote user of the second mobile unit of the emergency situation based on the geographic location of the mobile unit, the identity of the vehicle and the priority level; and transmitting the communication to the second mobile unit.

33. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

34. Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II:  INFRINGEMENT OF U.S. PATENT NO. 7,206,837

35. Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-22 above as though fully set forth in their entirety.

36. For purposes of this Count II, the Accused Products include, but are not limited to, Nextbase Dashcams, including, but not limited to, the 322GW, 622GW, 522GW, and 422GW; the MyNextbase Connect app, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, functionality, and applications (collectively, the "Accused Products").

37. The USPTO duly issued U.S. Patent No. 7,206,837 (the "'837 patent") on April 17, 2007, after full and fair examination of Application No. 10/287,151, which was filed on November

4, 2002.  *See* '837 patent at 1.

38. Fleet Connect owns all substantial rights, interest, and title in and to, the '837 patent including the sole and exclusive right to prosecute this action and enforce said patent against infringers and to collect damages for all relevant times.

39. Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '837 patent.

40. The written description of the '837 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

41. The claims of the '837 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of voice and data communications systems.

42. Defendant has directly infringed one or more claims of the '837 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

43. Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '837 patent, as detailed in **Exhibit B** (Evidence of Use Regarding Infringement of U.S. Patent No. 7,206,837).

44. For example, as detailed in Exhibit B, Defendant, using the Accused Products,

performs a method comprising: (i) receiving a location of a mobile communications device that is in transit to a destination; (ii) estimating the time-of-arrival bounds for said mobile communications device at said destination for a confidence interval based on: (a) said location, and (b) at least one historical travel time statistic; and (iii) sending the time-of-arrival bounds to said mobile communications device.

45. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

46. Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,747,291

47. Fleet Connect repeats and re-alleges the allegations in Paragraphs 1-22 above as though fully set forth in their entirety.

48. For purposes of this Count III, the Accused Products include, but are not limited to, Nextbase Dashcams, including, but not limited to, the 622GW, 522GW, 422GW; the MyNextbase Connect app; the Nextbase Voice Control, and all of the prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, functionality, and applications (collectively, the "Accused Products").

49. The USPTO duly issued U.S. Patent No. 7,747,291 (the "'291 patent") on June 29, 2010, after full and fair examination of Application No. 12/546,650 which was filed on August 24, 2009. *See* '291 patent at 1. A Certificate of Correction was issued on June 18, 2013. *See id.* at 26.

50.     Fleet Connect owns all substantial rights, interest, and title in and to, the '291 patent including the sole and exclusive right to prosecute this action and enforce said patent against infringers and to collect damages for all relevant times.

51.     Fleet Connect or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '291 patent.

52.     The written description of the '291 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

53.     The claims of the '291 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting methods and systems for mobile vehicle-based communications systems utilizing short-range communication links.

54.     Defendant has directly infringed one or more claims of the '291 patent by making, using, selling, offering to sell, importing, and/or internal and external testing of the Accused Products.

55.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 9 of the '291 patent, as detailed in the claim chart attached hereto as **Exhibit C**.

56.     For example, as detailed in Exhibit C, Defendant using the Accused Products, performs a method of wirelessly receiving a weather or traffic update in a vehicle, the method

comprising: establishing a short range communication link between a mobile unit and the vehicle comprising a transceiver; determining by the vehicle if the short range communication link is authorized; receiving, from a vehicle operator, a voice activated request for a weather or traffic update; sending a communication from the vehicle, through the mobile unit, to a wireless communication system, the communication comprising identification and GPS information; receiving, by the vehicle, the weather or traffic update, through the mobile unit, from the wireless communication system; and outputting the weather or traffic update *via* an audio visual interface of the vehicle.

57. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

58. Fleet Connect has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Fleet Connect in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## DEMAND FOR JURY TRIAL

59. Fleet Connect hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

60. WHEREFORE, Fleet Connect requests that the Court find in its favor and against Defendant, and that the Court grant Fleet Connect the following relief:

   a. Judgment that one or more claims of each of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

   b. Judgment that Defendant accounts for and pays to Fleet Connect all damages to and

   costs incurred by Fleet Connect because of Defendant's infringing activities and other conduct complained of herein;

c. Pre-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That this Court declare this an exceptional case and award Fleet Connect its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

e. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: September 4, 2025

Respectfully submitted,

By:/s/ James F. McDonough, III

Jonathan Hardt (TX 24039906) *
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

James F. McDonough, III (GA 117088) *
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

**Attorneys for *Plaintiff FLEET CONNECT SOLUTIONS LLC***

*Admitted to the Western District of Texas

**List of Exhibits**

- **A.** Evidence of Use Regarding Infringement of U.S. Patent No. 7,123,926
- **B.** Evidence of Use Regarding Infringement of U.S. Patent No. 7,206,837
- **C.** Evidence of Use Regarding Infringement of U.S. Patent No. 7,747,291